UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| BRANDS WITHIN REACH, LLC, | |
|---|---|
| *Plaintiff,* | CASE NO.: 7:19-cv-04947 (VLB/JCM) |
| - *against* - | **CONFIDENTIALITY** |
| BELVOIR FRUIT FARMS LTD, | **STIPULATION AND ORDER** |
| *Defendant.* | |

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality protective order, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. If counsel for any party deems in good faith that a "CONFIDENTIAL" designation would not be sufficient to protect the interests of the client, counsel may request that counsel for the other party consent to designating the particular document or information as "CONFIDENTIAL -- FOR ATTORNEY'S EYES ONLY." If both counsel agree and the documents or information is so designated it shall not be disclosed, without both sides' consent, to

anyone other than the counsel of record in the case. If counsel do not reach an agreement concerning this designation, they may bring the matter for consideration to the Court.

3. Each page of each document produced pursuant to discovery in this litigation shall bear, by producing party, a unique identifying number.

4. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

5. In the event a party challenges another party's designation of confidentiality, counsel shall meet and confer in good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. The acceptance of Confidential Information by the parties shall not constitute an admission or concession or permit an inference that the Confidential Information has been properly designated as such. Any receiving party may at any time request that the designating party withdraw the CONFIDENTIAL designation with respect to any document, object, or information. Each party serves the right to object to the use or admissibility of the Confidential Information. Any document designated as "CONFIDENTIAL -- FOR ATTORNEY'S EYES ONLY" shall not be disclosed to any person except the persons described in items b, c, d, and e below as well as to the counsel for the requesting party (but not to the requesting party). Any document designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Interpreters, translators, copy services, exhibit preparation services, and database and/or coding services retained on behalf of any party;

d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Prior to disclosing the Confidential Information to any person, <u>except the Court</u>, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto as <u>Exhibit A</u>.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "CONFIDENTIAL -- FOR ATTORNEY'S EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated after disclosure, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Protective Order.

8. This Stipulation and Order shall apply to documents and information produced by a third party pursuant to a subpoena if such third party wishes to designate documents being produced as "CONFIDENTIAL" or "CONFIDENTIAL -- FOR ATTORNEY'S EYES ONLY," and such designation is consistent with the requirements of Paragraph 1, above. Upon request by a third party under subpoena, counsel issuing the subpoena shall provide to the third party or its counsel a copy of this Stipulation and Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

10. Inadvertent disclosure of privileged communication shall not constitute a waiver in whole or in part of a claim for confidential treatment. Should any Confidential Information be disclosed, through inadvertence or otherwise, by the receiving party to any person or party not authorized under this Protective Order, then the receiving party shall (a) use its best efforts to obtain the return of any such Confidential Information and to bind such person to the terms of this Protective Order; (b) within three (3) days of the discovery of such disclosure, inform such person of all provisions of this Protective Order; and (c) within five (5) days of the discovery of such disclosure, identify such person to the producing party. Notwithstanding the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL -- FOR ATTORNEY'S EYES ONLY." in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

11. Nothing herein shall require disclosure of information that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or any other applicable immunity or privilege, nor shall this Protective Order be construed to require immediate disclosure in instances where such disclosure would violate a court order to maintain such information in confidence or third party confidentiality obligations. A party may designate information as Confidential Information based on the existence of an agreement with another or a court order to maintain its confidentiality, and may disclose such information and identify the

existence of the agreement or order in response to any request for the information. The parties agree to work in good faith to resolve any third-party confidentiality issues.

12. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to appeals) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. The terms of this Protective Order shall continue to be binding after the conclusion of the litigation. No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown.

14. Notwithstanding the above, this Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further order of the Court.

15. By executing this Protective Order, the undersigned attorneys acknowledge that they have discussed the terms of this Protective Order, that they agree to be bound by its terms, and that the parties have authorized the undersigned attorneys to execute this Protective Order. This Protective Order may be executed in multiple counterparts, each of which shall constitute an enforceable original.

**THIS SECTION LEFT BLANK INTENTIONALLY**

Dated: New York, New York
March 3, 2020

| BRACH EICHLER LLC | ROONEY NIMMO P.C. |
|---|---|
| By: /s/ Anthony M. Rainone<br>Anthony M. Rainone (AR - 1011)<br>101 Eisenhower Parkway<br>Roseland, New Jersey 07068<br><br>*Attorneys for Plaintiff* | By: /s/ Oleg Rivkin<br>Oleg Rivkin (OR-1331)<br>800 Third Avenue, Suite 2501<br>New York, NY 10022<br><br>*Attorneys for Defendant* |

SO ORDERED:

/s/ Judith C. McCarthy
Hon. Judith C. McCarthy
U.S.M.J.          3-3-2020

## AGREEMENT

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter of *Brands Within Reach LLC v. Belvoir Fruit Farms Ltd.*, Case No. 7:19-cv-04947, pending in the United States District Court for the Southern District of New York, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "CONFIDENTIAL -- FOR ATTORNEY'S EYES ONLY are confidential by Order of the Court.

I hereby agree that I will not disclose any information in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated:

_____

Signed in the presence of :

_____

BE:10893532.1/BRA292-276463